# SUPERIOR COURT.

## JULY TERM, 1850.

### THE KING vs. GEORGE BUSH.

If a person in the commission of a felonious act, that is, one which is highly criminal, undesignedly kills another, such killing is murder. If such act is simply unlawful, and without any deliberate and malicious intention, the killing will be manslaughter.

The accused was charged with manslaughter in killing John Thompson, on the 22d day of March last.

From the testimony in the case, it appeared that the accused was leading a wild bullock through King street, in Honolulu, on the 22d of March last, when, through carelessness or otherwise, the animal broke loose, and clearing the street of people, brought up in the government cattle pen, near the Blonde House. That while the bullock was standing in the pen in a quiet way, the deceased, heedless of the warning of Bush and others, entered the cattle pen and seized the lasso which was fast to the bullock's horns. That the bullock immediately turned upon Thompson, and, before he could escape from the pen, caught him in the back with his horns and forced him against an ox cart, thereby killing him on the spot.

It was contended by Mr. Bates, the counsel for the Crown, that Bush violated the law by carelessly leading the wild bullock through a public street, and that having committed an unlawful act he was responsible for all the consequences resulting from that act. In other words, responsible for the killing of Thompson, and guilty of manslaughter.

Mr. Jasper, counsel for the prisoner, contended that the death of the deceased was the result of his own folly, and not at all chargeable to the carelessness or illegal conduct of Bush.

CHIEF JUSTICE LEE charged the jury in substance as follows:

If a person while doing or attempting to do an unlawful act, undesignedly kills another, he is guilty of murder or manslaughter, according to the nature of such act. If the act is felonious, that is, one which is highly criminal, the killing resulting from it is murder. If simply unlawful, and without any deliberate and malicious intention, it is manslaughter. For example, if one in committing burglary should kill another, he would be guilty of murder, though he intended no bodily harm to any one. So if one should fire or strike at another with a dangerous weapon, and missing his object, kill a person against whom he intended no wrong, he would be guilty of murder. Or, if one should mix poison in the cup of a person with the intention of killing him, and another should drink of its contents and thereby die, the offender would be guilty of murder. The books go farther, and say that he would be a murderer, even though he should endeavor to persuade the person against whom he meant no evil to refrain from the draught.

But where the act is wanting in the felonious intent, as where one riding furiously or carelessly through a public street, contrary to law, kills another, the offence is manslaughter. Certainly the turning, leading, or driving a wild beast in the streets of a populous town, whereby death ensues, is manslaughter. More especially is the offender guilty of manslaughter where such turning, leading, or driving is contrary to the express provisions of the Statute. The offender can never justify himself on the plea that he intended no wrong, for if he violates the law he is a wrong-doer from the outset, and is liable for all the consequences directly resulting therefrom.

It is not denied that Thompson was killed by the bull, and the only question for you to determine is, was his death the direct result of the unlawful act of the accused? If you find this question in the affirmative, your verdict should be guilty. Nay more, even if the leading of the bullock was not contrary to the statute, yet if it was

done heedlessly and incautiously, and "death was thereby directly caused, the accused is guilty of manslaughter.

But it is contended by the defence that the death of Thompson was the result of his own folly rather than the unlawful careless conduct of the accused.   This, gentlemen, is a point worthy of your most serious consideration.   If you find that Thompson, moved by a madman's folly, entered the cattle pen while the bullock was standing in a quiet and peaceable way, regardless of the warning of Bush and others, and thereby caused his own death, the prisoner should be acquitted.   No doubt the death of Thompson resulted from the wrong act of Bush, but if he entered the pen under the circumstances contended by the defence, his death is a result quite too indirect and remote from the act of Bush to be fairly chargeable against the prisoner.   Bush was wrong, but is he guilty of manslaughter.

The jury after an absence of half an hour returned a verdict of not guilty.